## Bernstein v. Cosmopolitan Food Plan, Inc.

*Ronald H. Israelit*, for plaintiffs.

*H. Joseph Harrison*, for defendants.

DANNEHOWER, J., August 8, 1957.—This is an action in assumpsit presented to the court for decision as a case stated against Cosmopolitan Food Plan, Inc.,

and Frank Fogel, an individual shareholder, under the provisions of section 514 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852-514, for $2,215.21, wages claimed to be due plaintiff and certain employes of the corporation who have assigned their claims to plaintiff.

The parties have agreed, by written stipulation, to the following facts:

1. Defendant Cosmopolitan Food, Inc., is a Pennsylvania corporation, which, on February 23, 1956, filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Pennsylvania.

2. Defendant, Harry Fogel, an individual, is record owner of one-half, or 10 shares of the corporation's capital stock, each of said shares having a par value of $50.

3. On or about January 6, 1956, Frank Fogel conveyed and transferred to defendant Harry Fogel the remaining 10 shares of the corporation's capital stock. The transfer however, was never recorded on the corporation's books.

4. Plaintiff Hattie Bernstein was employed as bookkeeper and sales manager of defendant corporation and has a claim in her own right for unpaid wages in the amount of $178.48. In addition, plaintiff is assignee of other claims for unpaid wages and salaries in the total amount of $2,036.73, making her aggregate claim $2,215.21.

5. The following claims have been assigned to plaintiff.

| | |
|---|---:|
| Leonard Benn | $ 134.14 |
| Deborah Ritchie | 40.50 |
| Ann W. Ray | 47.05 |
| Thomas H. Pollock | 218.91 |
| Joseph F. Demers | 398.34 |
| Edward Blewitt | 121.40 |

| | |
|---|---:|
| Lawrence Glickman | 154.41 |
| Howard Jardin | 698.44 |
| Janet A. Byrnes | 78.24 |
| Lillian F. Kilmer | 56.20 |
| Mary P. Minter | 31.90 |
| Joseph H. Hemler | 57.20 |

$2,036.73

6. Assignor Joseph F. Demers was vice president and assistant sales manager of defendant corporation. Howard Jardin was employed as sales manager of defendant corporation.

7. Following defendant corporation's petition in bankruptcy, plaintiff filed proof of claim for priority of the wage claims. However, no further action was taken, since defendant corporation was found to have insufficient assets to pay the costs of administration of the bankruptcy proceedings.

It was further agreed and stipulated that the following questions should be presented to the court for decision:

1. Are the claims of Howard Jardin, Joseph Demers and Hattie Bernstein within the purview of section 514 of the Business Corporation Law in view of the fact that these three persons were corporate officers?

2. Is defendant Harry Fogel's liability under section 514 of the Business Corporation Law limited to the $500 par value of capital stock of which he is record owner, or does his liability include the additional $500 par value of the shares which were transferred to him but not recorded on the corporation books?

3. In view of defendant corporation's bankruptcy and lack of assets, is plaintiff entitled to immediate judgment against defendant Harry Fogel, individually, under section 514 of the Business Corporation Law?

As to the question pertaining to the right of officers of the corporation to claim priority for unpaid salaries, section 514 of the Business Corporation Law, supra, reads in part as follows:

"A shareholder of a business corporation shall not be personally liable for any debt or liability of the corporation, except *salaries and wages* due and owing to its *laborers and employes*, for services rendered to the corporation. In such event, every shareholder shall be personally liable in an amount equal to the value of the shares of the corporation owned by him . . ." (Italics supplied.)

While the act does not expressly include corporate officers in the class of persons entitled to proceed against the shareholders, we believe, nevertheless, their inclusion is implicit from the words "salaries" and "employes". Construing the words in their popular sense, the inference to be made is that salaried employes include officers of the corporation. The word "wages", on the other hand, is commonly used with reference to the pay of laborers or workmen.

In the case of Harris v. McLaughlin, 79 D. & C. 232, the court held that plaintiff as treasurer, director and general manager of a corporation is an employe within the meaning of section 514 of the Business Corporation Law and may, accordingly, hold the shareholders responsible for his unpaid salary.

As to the second question involved in the present controversy, i.e., whether defendant Harry Fogel's liability is limited to the number of shares registered in his name on the corporation's books, section 514 of the Business Corporation Law provides that ". . . every *shareholder* shall be personally liable in an amount equal to the value of the shares of the corporation owned by him . . .", and section 2 defines a shareholder as "a *registered* owner of shares in a business corporation". (Italics supplied.)

Thus, in adopting a strict construction of the act, we are of the opinion that only registered shareholders can be held personally responsible for unpaid salaries and wages. Accordingly, defendant Harry Fogel's liability should be limited to an amount equal to the value of the shares owned by him as registered on the corporation's books. Plaintiff then should proceed against Harry Fogel's transferor, who is record owner of the remaining one-half of the corporation's shares.

Finally, is plaintiff entitled to immediate judgment against Harry Fogel individually, in view of the corporation's bankruptcy and lack of assets?

Referring once again to section 514 of the Business Corporation Law, we find nothing which would prevent a claimant from proceeding against the shareholders in the first instance. Part B of section 514 simply provides: "In any action brought to enforce the liability imposed by this section upon shareholders, the plaintiff may include as defendants the corporation and any one or more shareholders of such corporation claimed to be liable therefor." And, further: "If judgment be given in favor of the plaintiff for his claim, or any part thereof, the judgment shall be given against the corporation and any shareholders found liable."

Since plaintiff, in the present case, has included as defendants both the corporation and its shareholder, it follows that judgment, if given, shall be against both defendants. This question should, therefore, be answered in the affirmative.

### Order

And now, August 8, 1957, in view of the foregoing it is hereby ordered as follows:

1. Plaintiff's assignors, Howard Jardin and Joseph Demers, vice president and assistant sales manager, and sales manager, respectively, of defendant corpora-

tion, are "employes" within the meaning of section 514 of the Business Corporation Law.

2. Defendant, Harry Fogel, is individually liable in an amount equal to the value of the shares of the corporation owned by him as determined by the corporation's records.

3. Plaintiff is awarded judgment against the Cosmopolitan Food Plan, Inc., in the sum of $2,215.21, with interest from February 23, 1956, and a judgment against the other defendant, Harry Fogel, in an amount equal to the value of the shares of the corporation owned by him as determined by the corporation records, which amount should be later stipulated. Costs to be paid by defendants.

According to stipulation, each party has the right of appeal.